UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE CUSHING<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER LANGER JACOBS, as Assistant Commissioner of the Division of Medical Assistance and Health Services of the New Jersey Department of Human Services, and CAROLE JOHNSON, as Commissioner of the Department of Human Services,<br><br>Defendants. | 20-cv-130<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter arises out of Plaintiff Jane Cushing's ("Plaintiff") denial of Medicaid benefits by the New Jersey Division of Medical Assistance and Health Services ("DMHS"), overseen by Defendant Jennifer Langer Jacobs, which is part of the New Jersey Department of Health and Human Services, overseen by Defendant Carole Johnson (with Jacobs, "Defendants"). The matter comes before the Court on Plaintiff's motion for a preliminary injunction, ECF No. 5 ("Plaintiff's Motion"), and Defendants' cross motion for summary judgment, ECF No. 13 ("Defendants Motion"). For the reasons set forth below, Plaintiff's motion is converted into one for Summary Judgment under FRCP 56 and **GRANTED**. Defendants' motion is **DENIED**.

### I. BACKGROUND

To qualify for Medicaid benefits, Plaintiff may not have more than $2,000 in countable assets. Annuities purchased by Medicaid applicants are not countable assets if they meet certain criteria, including irrevocability. *See* 42 U.S.C. § 1396p(c)(1)(G)(ii). On June 12, 2019, Plaintiff purchased a single-premium, immediate payout annuity ("Annuity") from the Croatian Fraternal Union of America ("Croatian"). The Annuity is explicitly irrevocable. Compl. Ex. C at 6, ECF No. 1-3. However, it is also subject to a provision that the "National President or Secretary/Treasurer of the Croatian Fraternal Union of America may, in writing, make or change a contract or waive any of its rights or requirements." *Id.* at 10.

On September 19, 2019, DMHS informed Plaintiff that they were "no longer accepting" annuities issued by Croatian. Compl. Ex. E. It was (and is) DMHS's position that due to the power of the President, Sectary, or Treasurer of Croatian to change the Annuity's terms, it is revocable, and thus included in the calculation of Plaintiff's resources. As the Annuity pushed Plaintiff's resources above the $2,000 cap for Medicaid eligibility, she is

1

purportedly ineligible. Plaintiff received notice that her existing benefits would end at the end of September or beginning of October, 2019. *Id.* Exs. E & F.

## II. STANDARD OF REVIEW

While Plaintiff moves for a preliminary injunction, she volunteers to convert her motion into one for summary judgment, so long as no material facts are in dispute. Pl. Mot. at 13. Defendants cross-move for summary judgment and agree no material facts are in dispute. Def. Mot. at 2. Accordingly, the summary judgment standard is appropriate for speedy adjudication of this matter, which presents a single issue of law. As no material facts are in dispute, another recitation of the well-known standard applicable to motions under FRCP 56 is unnecessary. *See* FRCP 56(a).

## III. DISCUSSION

The issue presented by the cross motions is whether a provision allowing the President, Secretary, or Treasurer of Croatian to waive or change the Annuity's terms ("Amendment Provision") renders the Annuity "revocable," and thus qualified as a resource under New Jersey's Medicaid regime. Plaintiff argues that New Jersey's Medicaid evaluations may not be more restrictive than resource evaluations under the Supplemental Security Income Program ("SSI"), and the Annuity does not qualify as a resource under those provisions. In opposition, Defendants cite a prior administrative decision discussing another Croatian annuity containing identical terms. They also argue DMHS is entitled to deference.

### A. Deference to State Agency

Buried in a footnote, Defendants intonate that some level of deference to DNHS is appropriate. *See* Def. Mot. at 11 n.4. Rather than provide an analysis (or even an applicable level of deference), Defendants state simply "[a]s to that deference in New Jersey, *see R.S. v. Division of Medical Assistance and Health Services*, 434 N.J. Super. 250, 260-61 (App. Div. 2014)." *Id.* The Court has reviewed *R.S.*, and the most relevant portion states that courts are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." *R.S.*, 434 N.J. Super. at 261. Whether the Annuity at issue is considered "revocable" under the Federal SSI standards—the most restrictive standards permissible to determine Medicaid eligibility—is a strictly legal issue. *See* 42 U.S.C. § 1396a(r)(2)(A).

### B. Interpretation of Annuity Contract

As relevant here, 42 U.S.C. § 1396p(c)(1)(G)(ii) provides that a purchased annuity is considered an "asset" unless the annuity is (1) irrevocable and nonassignable, (2) actuarially sound, and (3) provides for payments in equal amounts during the term or the annuity, with no deferral or balloon payments. At issue here is irrevocability.

"The Court must first make a determination as to whether an ambiguity exists, which is an issue of law." *Aromando v. State Farm Life Ins. Co.*, 17-cv-2418, 2017 WL 5496356, at *2 (D.N.J. Nov. 15, 2017) (cleaned up). Like all contracts, if the terms of the Annuity are clear, "the court must enforce it as written." *Cty. of Morris v. Fauver*, 153 N.J. 80, 103 (1998).

Two other principles of New Jersey contract law are applicable here. First, a contract "should not be interpreted to render one of its terms meaningless." *Cumberland Cty. Improvement Auth. v. GSP Recycling Co.*, 358 N.J. Super. 484, 497 (App. Div. 2003).

2

Second, to the extent "general and specific clauses conflict, the specific clause governs the meaning of the contract." 11 *Williston on Contracts* § 32:10 (4th ed.); *Bauman v. Royal Indem. Co.*, 36 N.J. 12, 22 (1961) ("In the interpretation of a contractual instrument, the specific is customarily permitted to control the general and this ordinarily serves as a sensible aid in carrying out its intendment." (citing *Williston on Contracts*)).

As to revocability, the Annuity contract specifically provides:

> **Irrevocable.** This contract: (1) is irrevocable and immediate (2) may not be transferred, assigned, surrendered or commuted; and (3) has not cash or loan value. The Annuitant may not be changed. . . .

Annuity Contract at 6, ECF No. 1-3 ("Irrevocability Clause"). But as discussed above, the entire Annuity is subject to the Amendment Provision, which provides Croatian's "National President or Secretary/Treasurer . . . may, in writing, make or change a contract or waive any of its rights or requirements." *Id.* at 10.

The Court finds the contract unambiguous on the issue of revocability. The clearly-drafted Irrevocability Clause renders the Annuity irrevocable, notwithstanding the general Amendment Provision. *See Fauver*, 153 N.J. at 103. To the extent further analysis is necessary, interpreting the Annuity in the manner proposed by Defendants—as revocable—would render the irrevocability clause meaningless. *But see GSP Recycling Co.*, 358 N.J. Super. at 497 (mandating otherwise). Finally, such an interpretation would have the general Amendment Provision govern over the specific Irrevocability Clause. *But see Bauman*, 36 N.J. at 22 (finding interpretation of specific over general is sensible aide in finding parties' intent). Such an interpretation is contrary to New Jersey's rules of contract construction. Accordingly, the Annuity contract, as clearly drafted, is irrevocable.

### C. The Prior Agency Decision Does Not Mandate Otherwise

In their motion, Defendants primarily rely on an Administrative Law Judge's opinion in *M.M. v. Division of Medical Assistance and Health Services*, OAL Docket No. HMA 1057-2019 ("ALJ Decision," ECF No. 1-8), which was adopted in its entirety by the acting director of DMHS's Final Agency Decision ("Final Decision," ECF No. 1-7). In *M.M.*, DMHS denied benefits to another applicant with a Croatian annuity containing the same terms at issue here. ALJ Decision at 2-3. When the applicant reapplied, she had a different annuity from Croatian which she purchased by "reroute[ing]" the funds from her first Croatian annuity, even though both were allegedly "irrevocable." *Id.* at 3-4. Croatian's president "explained that his authority to change the terms" came from the Amendment Provision. *Id.* at 4. Citing Croatian's president's prior willingness to change the terms of an "irrevocable" annuity on request, the ALJ found that the new annuity was an available resource despite the Irrevocability Clause. *Id.* at 7-8. Accordingly, M.M. was ineligible for Medicaid benefits.

There are many reasons not to blindly apply *M.M.* to the case at bar. First, Plaintiff was not a party to that suit and had no ability to intervene. Second, M.M. actually adjusted her first "irrevocable" annuity from Croatian, whereas here, Plaintiff has not attempted to do so. Third, even if Plaintiff tried, she has no actual power to make an adjustment. Rather than provide her with any rights or authority, the Amendment Provision actually *limits* who Plaintiff can petition to the president, secretary, or treasurer of Croatian. *See* Annuity Contract

3

at 10. While Plaintiff could *ask* Croatian's president for a change, she could similarly do so without the Amendment Provision. Croatian's obligation to comply is the same in both scenarios—none. *Cf.* Final Decision at 3 (finding resource available when individual has "right, authority, or power to the resource." (citing N.J.A.C. 10:71-4.1(c)). Given the context in which the Amendment Provision appears, it was likely intended to identify agents with contracting authority for Croatian, not provide an amendment protocol. *See id.* (discussing "a contract" and not "the contract"); *see also* Pl. Mot. Ex. C.

Fourth, adopting Defendants' interpretation of the Annuity as revocable—despite the term explicitly stating otherwise—would render the contract misleading. But pursuant to New Jersey law, the Division of Banking and Insurance Regulations reviewed the Annuity contract to ensure it was *not* misleading. *See* N.J.A.C. §§ 11:4-40.3 & 40.5(a). Thus, Defendants would have the Court adopt their dubious interpretation over the opinion of the state agency charged with ensuring such contracts do not mislead investors.

Fifth and finally, the ALJ Decision relies on 42 U.S.C. § 1382b(e)(3)(B)[1] for the proposition that if there are circumstances that payment from the Annuity could be made to or for the benefit of the individual, then it is countable as a resource. ALJ Decision at 7. But 42 U.S.C. § 1382b(e)(3)(B) explicitly applies to irrevocable *trusts* and "[t]he term 'trust' . . . includes an annuity only to such extent and in such manner as the [HHS] Secretary specifies." 42 U.S.C. § 1396p(d)(6). "[B]ecause the Secretary to date has not so specified, it follows that [annuities] cannot be treated as trusts." *Zahner v. Sec'y Pa. Dep't of Human Servs.*, 802 F.3d 497, 510 (3d Cir. 2015). Thus, the ALJ Decision erroneously relies on an inapplicable law.

### D. Younger Abstention

Defendants argue something akin to *Younger* abstention should apply here because there is a pending administrative matter. However, Defendants openly admit that *Younger* Abstention "is not strictly required," Def. Mot. at 15, and fail to respond to Plaintiff's argument in opposition that *Sprint Communications, Inc. v. Jacobs* makes clear that *Younger* does not apply, Pl. Opp. at 3-4, ECF No. 15 (quoting *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) ("Circumstances fitting within the *Younger* doctrine, we have stressed, are 'exceptional'")). Accordingly, Defendants have waived their abstention argument, and their motion is **DENIED**. *See, e.g., Sportscare of Am., P.C. v. Multiplan, Inc.*, 10-cv-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver").[2]

---

[1] The ALJ Decision cites 42 U.S.C. § 1328b(3)(B), but that section of the U.S. Code does not exist and the quoted language comes from 42 U.S.C. § 1382b(e)(3)(B).

[2] Defendants also list failure to exhaust administrative remedies as an affirmative defense, Answer at 7, ECF No. 12, but do not present the matter in their briefing. Accordingly, the Court has no occasion to determine whether Plaintiff's failure to exhaust her administrative remedies would have necessitated dismissal. *See James v. Richman*, 547 F.3d 214, 218 (3d Cir. 2008) (finding action for injunctive relief under Section 1983 permissible without exhaustion of administrative remedies). In any event, Plaintiff demonstrated that they will suffer an irreparable injury without court intervention, given the limited look-back period for Medicaid benefits and the state's Eleventh Amendment

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion, ECF No. 5, is converted into one for summary judgment pursuant to FRCP 56 and **GRANTED**. Defendants' motion, ECF No. 13, is **DENIED**. An appropriate order follows.

Date: March 25, 2020

WILLIAM J. MARTINI, U.S.D.J.



---

immunity. *See Sorber v. Velez*, 09-cv-3799, 2009 WL 3491154, at *4 (D.N.J. Oct. 23, 2009).